UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO.: 2:13-cr-71-FtM-38DNF

MILLICEN JOCIRIN

**ORDER**[1]

Before the Court is *pro se* Defendant Millicen Jocirin's letter requesting home confinement or compassionate release because of the COVID-19 pandemic (Doc. 40) and the Government's response in opposition (Doc. 43). For the below reasons, the Court denies Defendant's motion.

In 2013, the Court sentenced Defendant to 140 months' imprisonment for a drug offense. (Doc. 35). He is serving that sentence at Federal Correctional Institution Coleman, with a projected release date in three plus years. (Doc. 43 at 1). At age thirty-nine, Defendant says that he has hypertension and is overweight and thus "susceptible to contract the deadly virus." (Doc. 40 at 1). As such, he asks the Court to let him finish the rest of his sentence in home confinement or grant him compassionate release. The Court can do neither for several reasons.

First, the Court has no authority to order the Bureau of Prison to place Defendant in home confinement. The location of incarceration is solely the agency's decision. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

imprisonment[.]"); *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Second, Defendant has not shown that he requested home confinement or compassionate release from the Warden of FCI-Coleman or exhausted any administrative rights available to him before filing this motion. *See* 18 U.S.C. § 3582(c)(1)(A); 28 C.F.R. 571.61 (setting administrative procedures for making the request to the warden in writing); 28 C.F.R. 571.63 (setting administratives procedure for denial of a prisoner's request by warden). In fact, Defendant's motions is silent on the issue. (Doc. 40). And the Government has provided documents showing that Defendant has taken no administrative steps before filing the motion. (Doc. 43-1; Doc. 43-2).

Third, even had Defendant exhausted his administrative remedies, he fails to show "extraordinary and compelling" reasons to warrant compassionate release. A reduction for extraordinary and compelling circumstances must be consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). From there, courts rely on U.S.S.G. § 1B1.13, which lists four extraordinary and compelling circumstances: serious medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines. U.S.S.G. § 1B1.13, cmt. n.1.

None of the circumstances Defendant relies on falls within the Commission's policy statement. Even taking as true that Defendant has a serious medical condition (which is unsupported by any medical evidence), he does not allege his health is deteriorating or any other circumstances to warrant release. *See, e.g.*, *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns

about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.").

Although the Court understands Defendant's concern about COVID-19, it does not possess the authority to reduce his sentence or grant him compassionate release under the facts. Nor has Defendant established that the steps being taken by the BOP and his facility are insufficient under his personal circumstances.

Accordingly, it is now

**ORDERED:**

Defendant Millicen Jocirin's letter requesting home confinement or compassionate release because of the COVID-19 pandemic (Doc. 40) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 7th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record